BRUCE D. CELEBREZZE, State Bar No. 102181
*bruce.celebrezze@clydeco.us*
BRIAN D. HARRISON, State Bar No. 157123
*brian.harrison@clydeco.us*
JASON J. CHORLEY, State Bar No. 263225
*jason.chorley@clydeco.us*
CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Plaintiff
ARCH SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY, a Missouri corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>HYUNDAI ROTEM USA CORPORATION, a Pennsylvania corporation; HYUNDAI ROTEM COMPANY, a South Korean corporation; SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY dba METROLINK, a California joint powers authority,<br><br>                Defendants. | **COMPLAINT FOR REFORMATION AND REIMBURSEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff Arch Specialty Insurance Company ("Arch"), and for its complaint against defendants Hyundai Rotem USA Corporation ("HRU"), Hyundai Rotem Company ("HRC"), and Southern California Regional Rail Authority dba Metrolink ("SCRRA"), alleges as follows:

## JURISDICTION AND VENUE

1.      This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and foreign

1

1  countries in which the amount in controversy exceeds $75,000, exclusive of interest

2  and costs.

3       2.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)

4  because a substantial part of the events or omissions giving rise to the claim

5  occurred in this District.

6                                    **THE PARTIES**

7       3.       Arch is, and at all relevant times was, a corporation organized and

8  existing under the laws of the State of Missouri with its principal place of business

9  in the State of New Jersey.  Arch conducts business in this District and has been

10  paying "claim expenses" for HRU, HRC, and SCRRA in connection with litigation

11  pending against those defendants in courts located within this District.

12       4.       HRU is, and at all relevant times was, a corporation organized and

13  existing under the laws of the State of Pennsylvania with its principal place of

14  business in the State of Pennsylvania.  HRU conducts business in this District and

15  has demanded and received "claim expenses" from Arch in connection with

16  litigation pending against it in courts located within this District.

17       5.       HRC is, and at all relevant times was, a corporation organized and

18  existing under the laws of the country of South Korea with its principal place of

19  business in Seoul, South Korea, and a principal place of business in the United

20  States in the State of Pennsylvania.  HRC conducts business in this District and has

21  demanded and received "claim expenses" from Arch in connection with litigation

22  pending against it in courts located within this District.

23       6.       SCRRA is a regional Joint Powers Authority organized and existing

24  pursuant to California Government Code § 6500, et seq., for the purpose of

25  operating a regional commuter rail system, Metrolink, and has its principal place of

26  business in Los Angeles County, California.  SCRRA conducts business in this

27  District and has demanded and received "claim expenses" from Arch in connection

28  with litigation pending against it in courts located within this District.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

# GENERAL ALLEGATIONS

### A.   HRU's Business and Insurance Program

7.     Arch is informed and believes and thereon alleges that HRU is in the business of producing many different railway vehicles, such as electric multiple units, high-speed trains, light rail vehicles, locomotives and passenger coaches used primarily for municipal transit systems in the United States.

8.     Arch is informed and believes and thereon alleges that HRU contracts with various municipal transit authorities to provide railcars for their commuter transit systems.

9.     Beginning in or about 2006, Arch became HRU's insurance provider for its railcar contracts, and initially issued separate liability insurance policies – subject to all of their respective terms, conditions, definitions, limitations, exclusions, and endorsements – specific to each contract between HRU and a municipal transit authority.

10.     Arch is informed and believes and thereon alleges that HRU entered into a contract with SCRRA in 2006 to construct railcars, and that the railcars for the SCRRA contract were assembled at a facility within this District.

### B.   The 2012 Arch Policy

11.     On or about March 8, 2012 and March 12, 2012, HRU, through its broker, Willis of New York, Inc. ("Willis"), requested from Arch a quote for a renewal commercial general liability policy for its contracts with SCRRA and another entity unrelated to SCRRA, respectively, and provided updated contract information for HRU's contracts to build railcars.

12.     Arch and HRU, through Willis, discussed changing from separate policies for each railcar contract to a "wrap" program that wrapped all of the contracts into a single liability policy.

13.     On or about May 8, 2012, Arch provided a draft quote to Willis for the new "wrap" program.  The quote provided for "Defense Costs Included in the limits," and "Defense Costs Included within the Retention."

14.     On or about May 29, 2012, Arch provided a quote to HRU, through Willis, for commercial general liability coverage for HRU encompassing HRU's contracts with SCRRA, and three other entities.  The quote provided for "Defense Costs Included in the limits," and "Defense Costs Included within the Retention."

15.     On or about May 31, 2012, HRU, through Willis, requested that Arch bind coverage pursuant to the May 29, 2012 quote with the exception of the contracts unrelated to SCRRA.  On or about June 6, 2012, Arch bound coverage for an insurance policy to be issued to named insured Hyundai Rotem USA Corporation with an inception date of June 1, 2012.  Arch issued revised binders on June 18, 2012, and June 19, 2012.  Each of the binders provided for "*Defense Costs Included in the limits*," and "*Defense Costs Included within the Retention*."

16.     Arch issued a Commercial General Liability and Self-Insured Retention policy no. RGL0050351-00 to named insured Hyundai Rotem USA Corporation for the policy period June 1, 2012 to June 1, 2013 (the "2012 Arch Policy").  The 2012 Arch Policy contained numerous forms and provisions, including form 00 RGL0032 00 03 08. The 2012 Arch Policy includes an Additional Insured - Designated Entity Endorsement naming SCRRA as an additional insured, and a separate endorsement naming HRC as an additional insured.

17.     The declarations page of the 2012 Arch Policy as well as the top of the Commercial General Liability Coverage Form stated in bold uppercase, in part:

**"CLAIM EXPENSES" REDUCE THE LIMITS OF INSURANCE**

**THIS POLICY IS WRITTEN ON AN OCCURRENCE BASIS.**

**THE LIMIT OF INSURANCE AVAILABLE TO PAY FOR**

**DAMAGES WILL BE REDUCED BY AMOUNTS INCURRED**

**FOR 'CLAIM EXPENSES'. . .**

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

* * *

18.     Under the section for Defense, Settlement and Investigation of Claims and "Suits" and "Claim Expenses" - Coverage A and B, the 2012 Arch Policy provides, in part:

> 2.     We will pay "claim expenses" which are incurred after the insured has exhausted its "Self-Insured Retention", but only if we received written notice of these "claim expenses" before they were incurred.  Where we control the defense, we are responsible for all "claim expenses" in excess of the "Self-Insured Retention" provided any such "claim expenses" will reduce the Limits of Insurance. . . . Any defense and/or interest will reduce the Limits of Insurance. . . .

* * *

19.     Under Section III - "Self-Insured Retention" and Limits of Insurance, the 2012 Arch Policy provides, in part:

> **5.** The General Aggregate Limit is the most we will pay for the sum of:
>
> > **a**.  Medical expenses under Coverage **C**;
> >
> > **b**.  Damages and "claim expenses" under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and
> >
> > **c**.  Damages and "claim expenses" under Coverage **B**.
>
> **6.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages and "claim expenses" because of "bodily injury" and "property damage" included in the "products-completed operations hazard".
>
> **7.** Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages and "claim expenses" because of all "personal and advertising injury" sustained by any one person or organization.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

**8.** Subject to **2.** or **3.** above, which applies, the Each Occurrence Limit is the most we will pay for the sum of:

    **a.** Damages and "claim expenses" under Coverage **A**; and

    **b.** Medical expenses under Coverage **C**

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

**9.** Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages and "claim expenses" because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

*   *   *

20.      Under Section V - Definitions, the 2012 Arch Policy defines "claim expenses" as:

**4.** "Claim expenses" means expenses incurred in the investigation, defense, or settlement of a claim or "suit" including, but not limited to:

    **a.** Reasonable attorneys' fees for claims or "suits".

    **b.** Other costs and other items of expense, including, but not limited to:

        **(1)** Costs for expert and other witnesses during investigation of claims or "suits" at trials or hearings, stenographic costs and costs of copies of documents and transcripts; and

        **(2)** Expert or consultant fees and expenses relating to the defense of any claims or "suit".

    **c.** Up to $250 for cost of bail bonds required because of an accident or traffic law violations arising out of the use of any

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

vehicle to which this insurance applies.  We are under no
obligation to furnish said bail bonds.

    **d.** The cost of appeal bonds and bonds to release attachments
within the applicable limit of insurance, but we do not have to
furnish the bonds or provide security for such bonds.

    **e.** All court costs levied against the insured in the "suit".

*   *   *

### C.    The 2013 Arch Policy

21.      On or about May 7, 2013, HRU informed Arch that its new broker of record was Marsh USA, Inc. ("Marsh").

22.      On or about May 14, 2013, HRU, through Marsh, requested a quote for a renewal policy, and provided updated contract information for HRU's contracts to build railcars.

23.      On or about May 31, 2013, Arch provided a renewal business quote to HRU, through Marsh, for commercial general liability self-insured retention coverage for Hyundai.  The quote provided for "Defense Costs Included in the limits," and "Defense Costs Included within the Retention."

24.      On or about May 31, 2013, HRU, through Marsh, requested that Arch bind coverage pursuant to the May 31, 2013 quote.  On or about May 31, 2013, Arch bound coverage for the policy with an inception date of June 1, 2013.  Arch issued revised binders on August 23, 2013, and August 28, 2013.  Each of the binders provided for "_Defense Costs Included in the limits_," and "_Defense Costs included within the Retention._"

25.      Arch issued a Commercial General Liability and Self-Insured Retention policy no. RGL0050351-01 to named insured Hyundai Rotem USA Corporation for the policy period June 1, 2013 to June 1, 2014, with the period extended by endorsement to June 13, 2014 (the "2013 Arch Policy").  The 2013 Arch Policy contained numerous forms and provisions, including form 00 RGL0032 00 03 08.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

The 2013 Arch Policy includes an Additional Insured - Designated Entity Endorsement naming SCRRA as an additional insured, and a separate endorsement naming HRC as an additional insured.

26.     The declarations page of the 2013 Arch Policy as well as the top of the Commercial General Liability Coverage Form stated in bold uppercase, in part:

> **"CLAIM EXPENSES" REDUCE THE LIMITS OF**
> **INSURANCE**
> **THIS POLICY IS WRITTEN ON AN OCCURRENCE BASIS.**
> **THE LIMIT OF INSURANCE AVAILABLE TO PAY FOR**
> **DAMAGES WILL BE REDUCED BY AMOUNTS INCURRED**
> **FOR 'CLAIM EXPENSES". . .**

\*   \*   \*

27.     Under the section for Defense, Settlement and Investigation of Claims and "Suits" and "Claim Expenses" - Coverage A and B, the 2013 Arch Policy provides, in part:

> 2.     We will pay "claim expenses" which are incurred after the
> insured has exhausted its "Self-Insured Retention", but only if we
> received written notice of these "claim expenses" before they were
> incurred.  Where we control the defense, we are responsible for all
> "claim expenses" in excess of the "Self-Insured Retention" provided
> any such "claim expenses" will reduce the Limits of Insurance. . . .
> Any defense and/or interest will reduce the Limits of Insurance. . . .

\*   \*   \*

28.     Under Section III - "Self-Insured Retention" and Limits of Insurance, the 2013 Arch Policy provides, in part:

> **5.** The General Aggregate Limit is the most we will pay for the sum of:
> **a**.  Medical expenses under Coverage **C**;

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

**b.** Damages and "claim expenses" under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

**c.** Damages and "claim expenses" under Coverage **B**.

6. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages and "claim expenses" because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

7. Subject to **2.** above, the Personal and Advertising Injury Limit is the most we will pay under Coverage **B** for the sum of all damages and "claim expenses" because of all "personal and advertising injury" sustained by any one person or organization.

8. Subject to **2.** or **3.** above, which applies, the Each Occurrence Limit is the most we will pay for the sum of:

**a.** Damages and "claim expenses" under Coverage **A**; and

**b.** Medical expenses under Coverage **C**

because of all "bodily injury" and "property damage" arising out of any one "occurrence".

9. Subject to **5.** above, the Damage To Premises Rented To You Limit is the most we will pay under Coverage **A** for damages and "claim expenses" because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

\* \* \*

29. Under Section V - Definitions, the 2013 Arch Policy defines "claim expenses" as:

**4.** "Claim expenses" means expenses incurred in the investigation, defense, or settlement of a claim or "suit" including, but not limited to:

**a.** Reasonable attorneys' fees for claims or "suits".

**b.** Other costs and other items of expense, including, but not limited to:

**(1)** Costs for expert and other witnesses during investigation of claims or "suits" at trials or hearings, stenographic costs and costs of copies of documents and transcripts; and

**(2)** Expert or consultant fees and expenses relating to the defense of any claims or "suit".

**c.** Up to $250 for cost of bail bonds required because of an accident or traffic law violations arising out of the use of any vehicle to which this insurance applies.  We are under no obligation to furnish said bail bonds.

**d.** The cost of appeal bonds and bonds to release attachments within the applicable limit of insurance, but we do not have to furnish the bonds or provide security for such bonds.

**e.** All court costs levied against the insured in the "suit".

\*   \*   \*

**D.    The 2014 Arch Policy**

30.    On or about May 12, 2014, Arch received a renewal submission from HRU's insurance broker, Marsh, seeking a quote for a renewal general liability insurance policy for HRU to incept June 1, 2014.  The renewal submission identified the existing contracts entered into by HRU to provide electric rail cars, including a completed contract with SCRRA.  The renewal submission also requested, in bold, that the quote provide for "**Defense Cost Included within Policy Limits**.".

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

31.     On or about May 29, 2014, Arch provided a renewal business quote to Marsh for commercial general liability self-insured retention coverage for HRU. The quote provided for "*Defense Costs Included in the limits*," and "*Defense costs erodes the SIR.*"

32.     On or about May 30, 2014, Arch provided a revised renewal business quote reflecting a railroad endorsement and other changes.  The revised quote again provided for "*Defense Costs Included in the limits*," and "*Defense costs erodes the SIR.*"

33.     On or about June 3, 2014, Arch provided a revised renewal business quote reflecting a railroad endorsement and other changes.  The revised quote again provided for "*Defense Costs Included in the limits*," and "*Defense costs erodes the SIR.*"

34.     On or about June 13, 2014, HRU, through Marsh, requested that Arch bind coverage pursuant to the June 3, 2014 quote.  On or about June 16, 2014, Arch bound coverage for the policy with an inception date of June 13, 2014, and endorsed the 2013 Arch Policy to extend to June 13, 2014.  The binder provided for "*Defense Costs Included in the limits*," and "*Defense costs erodes the SIR.*"

35.     Arch then issued commercial general liability self-insured retention insurance policy No. GPP0057116-00 to HRC in effect from June 13, 2014 to June 13, 2015 ("the 2014 Arch Policy").  The 2014 Arch Policy includes an Additional Insured - Designated Entity Endorsement naming SCRRA as an additional insured, and a separate endorsement naming HRC as an additional insured.

36.     While the renewal quotes and policy binder state, and provide for "*Defense Costs Included in the limits*," and "*Defense costs erodes the SIR*," the 2014 Arch Policy was mistakenly issued without language similar to the 2013 Arch Policy providing that "claim expenses" would reduce the limits of insurance. Neither HRU, Arch, or Marsh noticed or were otherwise aware of the error until on

5263362

11

COMPLAINT FOR REFORMATION AND REIMBURSEMENT

Case No.

or after February 4, 2020, when the mistake was brought to Arch's attention by its reinsurer, Hyundai Marine and Fire Insurance, an affiliate of HRU and HRC.

37.    The Declarations page of the 2014 Arch Policy, as issued, mistakenly omitted a notice, as included in the prior policies, that "'Claim Expenses' Reduce The Limits Of Insurance."

38.    The insuring agreement of the 2014 Arch Policy, as issued, provides, in part:

> **SECTION I - COVERAGES**
>
> **BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums in excess of the "Self-Insured Retention" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies. But the amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under the **SUPPLEMENTARY PAYMENTS** part of this policy.
>
>                \*     \*     \*

39.    The Supplementary Payments provision under Section I - Coverages of the 2014 Arch Policy, as issued, mistakenly provides, in part:

> **SUPPLEMENTARY PAYMENTS**
>
> **1.** We will pay "claim expenses" which are incurred after the insured has exhausted the insured's "Self-Insured Retention", but only if we have received written notice of these "claim expenses" before they were incurred. Where we control the defense, we are

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

12

responsible for all "claim expenses" in excess of the "Self-Insured Retention". . .

These payments will not reduce the limits of insurance.

\* \* \*

40. Under Section III- Limits of Insurance, the 2014 Arch Policy, as issued, mistakenly provides, in part:

**SECTION III - LIMITS OF INSURANCE**

This policy shall pay those sums in excess of the "Self-Insured Retention". The "Self-Insured Retention" shall be borne by you and shall not be insured. . . .

**2.** The General Aggregate Limit is the most we will pay for the sum of:

    **a.** Damages for "bodily injury" or "property damage", except such damages included in the "products-completed operations hazard"; and

    **b.** Damages for "personal and advertising injury".

**3.** The Products-Completed Aggregate Limit is the most we will pay for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

**4.** Subject to Paragraph 2. above, the Personal and Advertising Injury Limit is the most we will pay for the sum of all damages because of all "personal and advertising injury" sustained by any one person or organization.

**5.** Subject to Paragraphs 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of all damages because of all "bodily injury" and "property damage" arising out of any one "occurrence".

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

**6.** Subject to Paragraph **5.** above, the Damage To Premises Rented To You Limit is the most we will pay for damages because of "property damage" to any one premises, while rented to you, or in the case of damage by fire, while rented to you or temporarily occupied by you with permission of the owner.

\* \* \*

41.     The 2014 Arch Policy, as issued, defines "claim expenses" as:

**4.** "Claim expenses" means expenses incurred in the investigation, defense, or settlement of a claim or "suit" including but not limited to:

**a.** Reasonable attorneys' fees for claims or "suits" (reasonable attorneys' fees mean rates which are actually paid by us to attorneys retained in the ordinary course of business in the defense of similar actions in the community where the claim is being defended).

**b.** Other costs and other items of expense, including but not limited to:

**(1)** Costs for expert and other witnesses during investigation of claims or "suits" at trials or hearings, stenographic costs and copies of documents and transcripts; and

**(2)** Expert or consultant fees and expenses relating to the defense of any claims or "suit".

**c.** Up to $250 for cost of bail bonds required because of an accident or traffic law violations arising out of the use of any vehicle to which this insurance applies, but we do not have to furnish these bonds.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

    **d.** The cost of appeal bonds and bonds to release attachments within the applicable limit of insurance, but we do not have to furnish the bonds or provide security for such bonds.

    **e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorney's fees or attorney's expenses taxed against the insured.

*   *   *

42.     The 2014 Arch Policy, as issued, defines "Self-Insured Retention" as: "Self-Insured Retention" means the amount shown in **Item 4**. of the Declarations. A separate "Self-Insured Retention" applies to each and every "occurrence" and offense to which this insurance applies. Subject to paragraph **d. (2)** under **SECTION I – COVERAGES, 1. Insuring Agreement**, "claim expenses" are included within the "Self-Insured Retention". The "Self-Insured Retention" shall be borne by you and shall not be insured.

*   *   *

### E.     The Underlying Actions

43.     Arch is informed and believes and thereon alleges that beginning in or about January 2016, several claimants filed multiple lawsuits against HRU, HRC, SCRRA, and others stemming from personal injuries and wrongful death allegedly suffered as the result of a February 24, 2015 collision in or near Oxnard, California, within this District, between a commuter train operated by SCRRA (containing railcars built by HRU) and a pickup truck that was stuck on the railroad tracks. The several lawsuits have been coordinated for pre-trial activities, including discovery and law and motion, in the matter *Metrolink Train Accident Cases*, Superior Court of California, County of Los Angeles, Case No. JCCP4889 (hereinafter "the underlying actions").

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

44.     On or about September 11, 2015, HRU and HRC gave notice to Arch of a potential claim arising from the February 24, 2015 derailment.  Following the filing of the first of the underlying actions, on or about February 29, 2016, HRU tendered defense of the underlying actions to Arch.

45.     By letter dated June 13, 2016, Arch agreed to defend HRU and HRC in connection with the underlying actions pursuant to a reservation of rights following exhaustion of the self-insured retention .  Arch reserved various rights and coverage defenses under the 2014 Arch Policy in its reservation of rights letter and does not intend to waive those rights by the filing of this action, including the right to withdraw from the defense and recoup defense expenses, in excess of the limits of the 2014 Arch Policy, paid by Arch to defend the underlying actions.

46.     On or about March 20, 2016, SCRRA tendered defense of the underlying actions to HRU and then subsequently to Arch.

47.     By letter dated June 10, 2016, Arch agreed to defend SCRRA in connection with the underlying actions pursuant to a reservation of rights following exhaustion of the self-insured retention.  Arch reserved various rights and coverage defenses under the 2014 Arch Policy in its reservation of rights letter and does not intend to waive those rights by the filing of this action, including the right to withdraw from the defense and recoup defense expenses, in excess of the limits of the 2014 Arch Policy, paid by Arch to defend the underlying actions.

48.     To date, Arch has incurred "claim expenses" in excess of the limits of the 2014 Policy in defending HRU, HRC, and SCRRA in the underlying action, primarily payments to law firms practicing law in this District.

49.     On or after February 4, 2020, Arch first became aware of the mistake made during the issuance of the 2014 Arch Policy that the 2014 Arch Policy, as issued, did not include "claim expenses" within the limits of insurance.

50.     The mistake was brought to Arch's attention by its reinsurer, Hyundai Marine and Fire Insurance, an affiliate of HRU and HRC.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

51.     The contemporaneous documents reveal that both HRU and Arch intended for Arch to issue a commercial general liability policy with limits eroded by "claim expenses" and indemnity paid.  The submission made on behalf of HRU, the renewal quotes, and the binder make clear that the 2014 Arch Policy was intended to include "claim expenses" within the limits of insurance and self-insured retention.  HRU asked for and intended to purchase a commercial general liability policy from Arch with eroding limits.

52.     Despite the intentions of both HRU and Arch, at the time the 2014 Arch Policy was bound and issued, a mistake was made by not including "claim expenses" within the self-insured retention and the limits of insurance.

# FIRST CAUSE OF ACTION
## [REFORMATION]

53.     Arch incorporates by reference all preceding paragraphs of this complaint as if fully set forth herein.

54.     HRU and Arch intended for Arch to issue a commercial general liability insurance policy that included "claim expenses" within the self-insured retention and the limits of insurance.

55.     Despite the intentions of both HRU and Arch, at the time the 2014 Arch Policy was bound and issued, a mistake was made by not including "claim expenses" within the self-insured retention and the limits of insurance.

56.     The mistake of not including "claim expenses" within the self-insured retention and the limits of insurance of the 2014 Policy, as issued, greatly increased Arch's exposure for which neither Arch nor HRU bargained.

57.     The 2014 Arch Policy, as issued, does not reflect the mutual intent of HRU and Arch and does not correctly memorialize the antecedent agreement reached between HRU and Arch as to the scope of insurance Arch would provide to HRU.

58.     Arch did not discover the inadvertent error that resulted in the omission of "claim expenses" from the self-insured retention and the limits of insurance until on or after February 4, 2020.

59.     Arch requests that the court reform the 2014 Arch Policy effective as of the inception date of the 2014 Arch Policy to accurately reflect the parties' mutual intent that "claim expenses" be included within the self-insured retention and the limits of insurance.  Arch seeks to reform the 2014 Arch Policy in accordance with the antecedent agreement between Arch and HRU that "claim expenses" be included within the limits of the 2014 Arch Policy.

## SECOND CAUSE OF ACTION
## [REIMBURSEMENT]

60.     Arch incorporates by reference all preceding paragraphs of this complaint as if fully set forth herein.

61.     Arch has provided a defense to HRU, HRC, and SCRRA with respect to the underlying action under the 2014 Arch Policy and, in so doing, has paid "claim expenses" in excess of the limits of the 2014 Policy and may pay additional "claim expenses" in the future.

62.     For the reasons outlined above, the 2014 Arch Policy should contain eroding limits where "claim expenses" reduce the limits of insurance, and Arch has paid "claim expenses" in excess of the limits of insurance of the reformed 2014 Arch Policy.

63.     In light of the fact that HRU's, HRC's, and SCRRA's "claim expenses" with respect to the underlying actions paid by Arch – including "claim expenses" to be paid after the date of this complaint – are in excess of the limits of insurance of the reformed 2014 Arch Policy, and therefore not the responsibility of Arch, Arch is entitled to a full and complete repayment and reimbursement of the "claim expenses" it has paid or will pay for HRU's, HRC's, and SCRRA's defense in excess of the limits of insurance.

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Arch Specialty Insurance Company prays for judgment as follows:

1. On the First Cause of Action, that the Court reform Arch policy No. GPP0057116-00 as of June 13, 2014 to reflect the mutual intent of the parties at the time the contract was formed by making "claim expenses" within the limits of the 2014 Arch Policy;

2. On the Second Cause of Action, that HRU, HRU, and SCRRA reimburse Arch in the full amount expended or to be expended by Arch on behalf of HRU, HRC, and SCRRA as "claim expenses" in the defense of the underlying action above the limits of insurance under reformed Arch policy No. GPP0057116-00; and

3. For such other and further relief as the Court deems just and proper.

Dated:  November 23, 2020          CLYDE & CO US LLP


                                   By: */s/ Bruce D. Celebrezze*
                                       Bruce D. Celebrezze
                                       Brian D. Harrison
                                       Jason J. Chorley
                                       Attorneys for Plaintiff
                                       ARCH SPECIALTY INSURANCE
                                       COMPANY

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arch Specialty Insurance Company hereby makes a demand for a trial by jury of all claims.

Dated:  November 23, 2020          CLYDE & CO US LLP


By: */s/ Bruce D. Celebrezze*
      Bruce D. Celebrezze
      Brian D. Harrison
      Jason J. Chorley
      Attorneys for Plaintiff
      ARCH SPECIALTY INSURANCE
      COMPANY

CLYDE & CO US LLP
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
Telephone: (415) 365-9800